```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION


CEDRIC R. MITCHELL              ]
     Plaintiff,                  ]
                                 ]
v.                               ]        No. 3:10-0003
                                 ]        Judge Echols
CLARKSVILLE POLICE DEPARTMENT,   ]
et al.                           ]
     Defendants.                 ]
```

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Montgomery County Jail in Clarksville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Clarksville Police Department and Daniel Lane, a detective with the Clarksville Police Department, seeking damages.

The plaintiff's Statement of Facts reads in its entirety as follows:

> Failure to get statements from the plaintiff in a rape case that would have been imperative. Failure to do a proper investigation. Never spoke to plaintiff, just arrested him without miranda. Never contacted plaintiff, just arrested plaintiff when he went to his parole officer's office. Failure to maintain officers with dignity.

(Docket Entry No. 1 at pg. 5.)

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution

or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

In this case, the plaintiff does not allege that he was arrested without probable cause. Nor does he claim that statements were improperly taken from him in violation of his Miranda rights. The plaintiff simply states his dissatisfaction with the way the defendants conducted their investigation of a rape case. At best, then, the plaintiff is alleging that the defendants were negligent in the way they conducted the investigation. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Daniels v. Williams, 106 S.Ct. 662, 666 (1986).

In the absence of a constitutional violation, the plaintiff has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

Accordingly, an appropriate Order will be entered dismissing this action.

Robert L. Echols
United States District Judge